■ GEORGE BASULTO et al., Plaintiffs, v GRAVELY INTERNATIONAL, INC., Defendant and Third-Party Plaintiff-Respondent. DARWOOD MANAGEMENT INC. et al., Third-Party Defendants-Appellants. [748 NYS2d 592] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered on or about July 11, 2001, denying third-party defendants' motion for summary judgment dismissing the third-party complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of third-party defendants dismissing the third-party complaint.

Plaintiffs, husband and wife, suing, respectively, for damages for personal injuries and, derivatively, commenced this action against defendant and third-party plaintiff Gravely International, Inc., alleging, inter alia, that a tractor/snow blower manufactured by Gravely was defective in design and manufacture. The injured plaintiff had been the superintendent at a cooperative building owned by 3777 Independence Corp. and managed by Darwood Management Inc., against both of which Gravely has brought a third-party action, asserting that they "negligently and carelessly failed to adequate[ly] train and supervise [plaintiff]" in the use of the tractor and to provide a safe workplace and appropriate safety gear. The tractor involved was a hand-pushed two-wheel lawnmower style machine, which plaintiff had operated, without incident, for approximately 16 years.

At his deposition, plaintiff testified that on the day in question, January 20, 1987, he attempted to start the tractor's engine, as he always did, by pressing the electric starter button, which was near the underside of the machine, with his left foot when his right foot slipped on snow and he fell forward. As a result, plaintiff's left hand came into contact with the uncovered gear chain mechanism, part of the starter assembly, resulting in the loss of approximately .7 centimeters of plaintiff's left index finger. Plaintiff testified that when he

began working at the building in 1971 or 1972, the previous superintendent showed him how to use the tractor. He had not read the owner's manual or any other material relating to the operation of the machine. The gear chain on the back of the machine never had a cover.

The third-party defendants moved for summary judgment dismissing the third-party complaint, arguing that Gravely's claims as to improper training were wholly speculative. In response, Gravely argued that adequate training should have included verbal discussions and a period of supervised use. Its expert, a mechanical engineer, opined that plaintiff was not "well acquainted" with the tractor's operation and that he should have reviewed the operating instructions before using the machine. The IAS court denied the motion, finding that the third-party defendants failed to demonstrate the absence of triable issues of fact. We reverse.

Liability cannot rest, as Gravely would have it, on the facile assertion that plaintiff was improperly trained in the relatively simple act of pushing a button with his foot to activate the engine of a hand-pushed machine, a procedure which plaintiff had successfully accomplished numerous times over the span of 16 winters (see Stephen v Sico, Inc., 237 AD2d 709). No showing is made as to what training beyond that shown would be necessary for the task. In any event, it is obvious that plaintiff's slip on the snow and resultant catching of his finger in an exposed gear chain caused his injury, not any lack of training. Nor is there any showing of a failure to provide a safe work area.

Finally, there is no merit to Gravely's untimeliness claim based on an alleged CPLR 3212 (a) violation. The motion was made well within the applicable 120 days of plaintiffs' filing of the February 23, 2001 note of issue. Concur—Mazzarelli, J.P., Andrias, Buckley, Sullivan and Lerner, JJ.