■ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, v VILSMEIER AUCTION CO., INC., Appellant. [800 NYS2d 690]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered October 28, 2003, denying defendant's motion pursuant to CPLR 4404 (a) for judgment notwithstanding the verdict, unanimously reversed, on the law, without costs, defendant's motion granted, the jury verdict set aside, and the judgment apportioning liability 51% as against plaintiff and 49% as against defendant vacated. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Defendant Vilsmeier Auction Co. (Vilsmeier) contracted with plaintiff Con Edison to prepare its used vehicles for public auctions,[1] which were held quarterly. Vilsmeier's employees would come to Con Edison's Astoria facility, as needed, to "decommission" cars and trucks, collect the funds at the auction, and clean up the site afterwards. "Decommissioning" is the process of removing Con Edison decals and other identifying material from vehicles and then repainting them so they could not be mistaken as Con Edison property after auction. Vilsmeier was paid on a commission basis, dependent upon the number of vehicles sold at each auction. The parties' agreement did not require Vilsmeier to provide equipment for the decommissioning process. Instead, Vilsmeier employees used Con Edison paint

---

1. The parties' agreement is comprised of a proposal letter from Vilsmeier to Con Edison, and a response letter from Con Edison, accepted by Vilsmeier.

and supplies, including ladders belonging to Con Edison, at the site.

On May 27, 1999, Stuart Claar, a Vilsmeier employee, was decommissioning a truck when he fell from a ladder. There were no witnesses to the accident. Claar was injured and died two weeks later. The decedent's wife, Joan Claar (Claar) brought an action individually, and as the representative of her husband's estate, against Con Edison and Vilsmeier. The complaint alleged common-law negligence, and violations of Labor Law §§ 200, 240 and 241 (6). Con Edison denied Claar's allegations, and made cross claims against Vilsmeier, including one for common-law indemnification. Vilsmeier answered and raised the affirmative defense that Claar's claim was barred by Workers' Compensation Law § 11.

At the close of discovery, all parties moved for summary judgment. The IAS court granted Claar's motion against Con Edison pursuant to Labor Law § 240 (1), and found that Workers' Compensation Law § 11 precluded Claar's claims against Vilsmeier. However, the court found that there were triable issues precluding summary resolution of the cross claims.

Claar subsequently settled her case against Con Edison for $560,000, and the caption was amended making Con Edison the plaintiff. The claim then at issue was Con Edison's assertion that it was entitled to common-law indemnification because Vilsmeier had breached its duties to provide equipment and to supervise its employees. A trial was held on the cross claims. Cornelius Finnin, a coworker of decedent, and Anthony DeSantis, a Con Edison employee, both testified on behalf of Con Edison. Plaintiff also had the deposition of Walter Vilsmeier, defendant's former principal, read into evidence[2] Defendant did not present any witnesses.

Finnin recounted that he had known the decedent for 25 to 30 years, and that the two served as volunteer firefighters together. He said that between 1993 and 1999 they had done per diem work for defendant three or four times a year. He testified that on the date of the accident, four Vilsmeier workers were painting a truck. He and two others completed their work and moved on to another vehicle while decedent remained to "finish[ ] up what he was doing." Finnin stated that minutes later he heard a scream and a call for help. He ran to where decedent was and found he had fallen. He also saw a ladder "leaning against the lower back [of a truck], halfway down the back . . . and jammed against another truck behind it." He testified that he did not see how the accident happened.

2. Walter Vilsmeier had died prior to trial.

Finnin recounted that when he started working for Vilsmeier, the company had an employee named Bob, who supervised the workers on the site. However, he said Bob only worked for Vilsmeier for about a year, and was not replaced when he left. By May of 1998, a Con Edison employee named Anthony DeSantis was the only individual supervising the work. Finnin testified that DeSantis checked on him and his coworkers approximately four times a day. Finnin also stated that any problems with the decommission work were brought to DeSantis's attention. On cross-examination, Finnin testified that the workers did not need any training to perform the painting or other work involved in conducting the auctions. He also testified that based upon their experience as volunteer firefighters, he and decedent had extensive training in using ladders. Finnin stated that if he had any problems with a ladder, he would bring it to the attention of Mr. DeSantis.

DeSantis testified that he went to the site after hearing about the accident. He said he saw a ladder on the ground, and admitted knowing that the Vilsmeier employees regularly used Con Edison ladders to do their work. He testified that decedent and his coworkers had been doing the decommissioning work for 7 to 10 years, and that they knew how to do their jobs. However, he admitted that if he saw any problems with the ladders, he would address them.

In the deposition testimony read at trial, Walter Vilsmeier stated that his company provided hand tools such as hammers, screwdrivers and wrenches, but that it did not supply ladders for the Con Edison projects. He also recounted that when dealing with Con Edison over the years, the issue of ladders was never discussed. With regard to safety, Walter Vilsmeier said his company checked the site for holes that workers could fall into, and to make sure that bucket trucks would not run into power lines. Vilsmeier stated that the company had a safety manual, but did not describe any other monitoring of the safety of workers at the Con Edison site.

At the close of evidence, Vilsmeier moved for a directed verdict. The court denied the motion. The jury found Vilsmeier 49% and Con Edison 51% liable for the accident. Vilsmeier moved to set the verdict aside on the ground that there was no evidence of its negligence. In the order appealed from, the court denied Vilsmeier's motion, concluding that because Con Edison was subject to liability under Labor Law § 240 (1), it was not required to prove negligence in its suit for common-law indemnification. This was error.

To obtain common-law indemnification, Con Edison was

required to establish that Vilsmeier was somehow negligent in the performance of its duties (*see Singh v Congregation Bais Avrohom K'Krula*, 300 AD2d 567 [2002]; *Reilly v DiGiacomo & Son*, 261 AD2d 318 [1999]). Because no rational view of the trial evidence supports a finding of Vilsmeier's negligence, defendant's posttrial motion should have been granted (*Bernstein v City of New York*, 69 NY2d 1020 [1987]; *Diamond v Bank of N.Y.*, 199 AD2d 65 [1993]).

There was no direct or circumstantial evidence as to how this accident happened. Nor was there any evidence that Vilsmeier breached its duty regarding the training or supervision of its employees. In fact, the decedent's coworker Finnin, Con Edison's own witness, testified that he and the decedent had years of experience with tasks similar to those performed on the date of the accident (*Hernandez v Board of Educ. of City of N.Y.*, 264 AD2d 709 [1999] [no duty to train plaintiff in common and ordinary activity of descending ladder]; *Basulto v Gravely Intl.*, 298 AD2d 280 [2002] [no duty to train or supervise employee for common and ordinary activity performed for 16 years]). Further, the testimony by Finnin and DeSantis shows that the parties had established a course of conduct whereby DeSantis was the sole employee supervising the projects for safety issues. There was simply no evidence at trial that a failure to supervise by Vilsmeier played any role in the happening of this accident. Thus, the jury's conclusion that Vilsmeier's acts or omissions were the proximate cause of decedent's injuries was based on pure speculation.

Accordingly, as there was no basis for a finding of negligence on the part of Vilsmeier, we reverse the order appealed from and dismiss the complaint. Concur—Mazzarelli, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.