■ MICHAEL COHEN, Respondent, v NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY et al., Appellants. J.H. MACK, LLC, Third-Party Plaintiff-Appellant, v PRE-FAB CONSTRUCTION, INC., Third-Party Defendant-Respondent. J.H. MACK, LLC, et al., Second Third-Party Plaintiffs-Appellants, v GIAQUINTO MASONRY, INC., Second Third-Party Defendant-Respondent. [936 NYS2d 148]—

Plaintiff, an ironworker employed by Pre-Fab, alleges that as he and a coworker were moving steel beams, he slipped and fell on plastic debris located on a sand surface. The construction project, which was to build an indoor tennis facility, was owned by defendants New York City Industrial Development Agency and USTA National Tennis Center Association, Incorporated. The owners had contracted with J.H. Mack, LLC to be the general contractor, and J.H. Mack had contracted with Pre-Fab to perform the steel erection work at the site and with Giaquinto to perform the masonry work.

Dismissal of J.H. Mack's claim for contractual indemnification against Pre-Fab was warranted since there is no evidence that Pre-Fab negligently supervised plaintiff's work or otherwise caused or contributed to the accident (*see Paltie v Marquise Constr. Corp.*, 49 AD3d 380 [2008]; *see also Pepe v Center for Jewish History, Inc.*, 59 AD3d 277 [2009]).

Moreover, plaintiff's testimony as to the source of the plastic debris on which he allegedly slipped was speculative and insufficient to raise a question as to whether Giaquinto caused or contributed to plaintiff's injuries (*see Grullon v City of New York*, 297 AD2d 261, 263-264 [2002]). Accordingly, the contractual and common-law indemnification claims against Giaquinto were also properly dismissed (*see Consolidated Edison Co. of N.Y., Inc. v Vilsmeier Auction Co., Inc.*, 21 AD3d 726 [2005]). Concur—Gonzalez, P.J., Andrias, DeGrasse, Richter and Abdus-Salaam, JJ. **[Prior Case History: 30 Misc 3d 1235(A), 2011 NY Slip Op 50365(U).]**