Public Adm'r of Queens County v 124 Ridge LLC (2022 NY Slip Op 01522)





Public Adm'r of Queens County v 124 Ridge LLC


2022 NY Slip Op 01522


Decided on March 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 10, 2022

Before: Acosta, P.J., Renwick, Webber, Kern, Friedman, JJ. 


Index No. 156446/15 Appeal No. 15472 Case No. 2020-02754 

[*1]Public Administrator of Queens County as Administrator of the Estate of Claudio Fernando Patino, Deceased, Plaintiff-Respondent-Appellant,
v
124 Ridge LLC, Defendant-Respondent-Appellant,
124 Ridge LLC, Third-Party Plaintiff-Respondent-Appellant,
v
Casur Maintenance & Management, Inc., Third-Party Defendant-Appellant- Respondent


Baxter Smith & Shapiro, P.C., West Seneca (Bryan R. Forbes of counsel), for appellant-respondent.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for Public Administrator of Queens County, respondent-appellant.
Zetlin & DeChiara LLP, New York (James H. Rowland of counsel), for 124 Ridge LLC, respondent-appellant.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered May 11, 2020, which, to the extent appealed from as limited by the briefs, denied the motion of third-party defendant Casur Maintenance & Management, Inc. for summary judgment dismissing the claims for contribution, common-law indemnification, contractual indemnification and breach of contract for failure to procure insurance against it, the cross motion of defendant/third-party plaintiff 124 Ridge LLC for summary judgment dismissing the amended complaint, and plaintiff's cross motion for summary judgment on its Labor Law § 240(1) claim, unanimously modified, on the law, to grant Casur's motion and 124 Ridge's cross motion as to plaintiff's Labor Law §§ 240(1) and 241(6) claims, and Casur's motion as to 124 Ridge's contribution, common-law indemnification, and contractual indemnification claims, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of 124 Ridge dismissing the amended complaint.
The decedent Claudio Patino, a Casur employee, was performing renovation work when he fell from an extension ladder. There were no witnesses to the accident. The complaint alleged violations of Labor Law §§ 240(1) and 241(6). 124 Ridge commenced the third-party action against Casur, including claims for contribution, common-law indemnification, contractual indemnification, and breach of contract for failure to procure insurance.
Casur and 124 Ridge established their prima facie entitlement to judgment as a matter of law by demonstrating that no one was in a position to establish the cause of the accident, as there was no direct or circumstantial evidence as to how the accident happened (see Consolidated Edison Co. of N.Y., Inc. v Vilsmeier Auction Co., Inc., 21 AD3d 726, 729 [1st Dept 2005]; see also Manzo v 372 Doughty Blvd. Corp., 147 AD3d 930, 930 [2d Dept 2017]). In opposition, plaintiff failed to raise a triable issue of fact. Since the accident may well have been caused by a misstep or loss of balance, rather than by a defective or improperly secured ladder, any determination by the trier of fact as to the cause of the accident would be based upon speculation (see Scivoletti v New York Mercantile Exch., Inc., 38 AD3d 326, 327 [1st Dept 2007], lv denied 9 NY3d 802 [2007]). The Noseworthy doctrine (see Noseworthy v City of New York, 298 NY 76, 80-81 [1948])is not applicable to this case, since Casur and 124 Ridge's knowledge as to the cause of the accident is no greater than plaintiff's (see Walsh v Murphy, 267 AD2d 172, 172 [1st Dept 1999]). Accordingly, the contribution, common-law indemnification, and contractual indemnifications against Casur should have been dismissed (see Cohen v New York City Indus. Dev. Agency, 91 AD3d 416, 417 [1st Dept 2012]).
However, Casur was properly denied summary judgment on 124 Ridge's breach of contract claim for failure to procure insurance. Casur failed to establish, as a matter of law, that it procured the [*2]insurance it was contractually obliged to purchase, since it failed to submit the insurance policy (see Prevost v One City Block LLC, 155 AD3d 531, 536 [1st Dept 2017]). Further, there is an issue of fact as to whether the contract, which was dated before decedent's accident and executed nearly two years afterwards, was intended to apply at the time of the accident (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 368-369 [2005]; Podhaskie v Seventh Chelsea Assoc., 3 AD3d 361, 364 [2004]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2022