Mejia v Super P57 LLC (2023 NY Slip Op 01960)

Mejia v Super P57 LLC

2023 NY Slip Op 01960

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Kapnick, J.P., Moulton, Kennedy, Mendez, Pitt-Burke, JJ. 

Index No. 159121/17 Appeal No. 69 Case No. 2022-05066 

[*1]James Mejia, Plaintiff-Appellant,
v
Super P57 LLC et al., Defendants-Respondents.

Grey & Grey, LLP, Farmingdale (Sherman B. Kerner of counsel), for appellant.
Freehill Hogan & Mahar LLP, New York (William H. Yost of counsel), for respondents.

Order, Supreme Court, New York County (James D'Auguste, J.), entered September 15, 2022, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim and granted defendants' cross motion for summary judgment dismissing the claim, unanimously affirmed, without costs.
Plaintiff failed to show entitlement to partial summary judgment. Plaintiff established little other than that he fell from the scaffold, which in and of itself does not establish a claim, under Labor Law § 240(1), which requires both a violation of the statute and causation (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 288-289 [2003]).
Defendants demonstrated prima facie both that the scaffold was equipped with proper guardrails, which provided an adequate safety device, and was undamaged after the alleged accident, so that there was no violation of Labor Law § 240 (1) (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 663 [2014]). Moreover, plaintiff was unable to recall how he fell from the scaffold and could provide no evidence that his fall was caused by the lack of a safety device, so that any finding of a violation would be purely speculative (see Public Adm'r of Queens County v 124 Ridge LLC, 203 AD3d 493, 494 [1st Dept 2022]; Consolidated Edison Co. of N.Y. Inc. v Vilsmeier Auction Co., Inc., 21 AD3d 726, 729 [1st Dept 2005]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023