■ RICHARD J. ERICKSON, Appellant, v CROSS READY MIX, INC., et al., Defendants, and TURNER CONSTRUCTION COMPANY, Defendant/Third-Party Plaintiff-Respondent. COMMODORE CONSTRUCTION CORP., Third-Party Defendant-Respondent. [906 NYS2d 54]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered April 21, 2009, as, upon renewal, in effect, vacated the determination in an order entered September 30, 2008, denying that branch of the cross motion of the defendant/third-party plaintiff, Turner Construction Company, which was for summary judgment dismissing the cause of action to recover damages for violations of Labor Law § 241 (6) insofar as asserted against that defendant, and thereupon granted that branch of the cross motion.

Ordered that the order entered April 21, 2009, is modified, on the law, by deleting the provision thereof, upon renewal, in effect, vacating the determination in the order entered September 30, 2008, denying that branch of the cross motion of the defendant/third-party plaintiff, Turner Construction Company, which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-9.7 (d) and thereupon granting that branch of the cross motion, and substituting therefor a provision, upon renewal, adhering to the determination in the order entered September 30, 2008, denying that branch of the cross motion; as so modified, the order entered April 21, 2009, is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court properly granted, upon renewal, that branch of the cross motion of the defendant/third-party plaintiff, Turner Construction Company (hereinafter Turner), which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against Turner to the extent it was predicated upon alleged violations of 12 NYCRR 23-1.23 (a), (b), (c); 23-1.5 (c) (1) and 23-1.7 (b) (1) (i).

Turner made a prima facie showing that section 23-1.23 (a), (b) and (c) of the Industrial Code (12 NYCRR) was not applicable to the facts of this case, since the plaintiff was not injured upon a ramp or runway (*see Waszak v State of New York*, 275 AD2d 916 [2000]; *Doty v Eastman Kodak Co.*, 229 AD2d 961, 962 [1996]). Turner also made a prima facie showing that, although 12 NYCRR 23-1.7 (b) (1) (i) is sufficiently specific to support a cause of action under Labor Law § 241 (6) (*see Scarso v M.G. Gen. Constr. Corp.*, 16 AD3d 660, 661 [2005]), the hole into which the plaintiff fell in this case was not a "hazardous opening" within the meaning of that section (*Barillaro v Beechwood RB Shorehaven, LLC*, 69 AD3d 543, 544 [2010]; *see Miller v Weeden*, 7 AD3d 684 [2004]; *Rice v Board of Educ. of*

*City of N.Y.*, 302 AD2d 578, 579 [2003]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421, 423 [2001]). In opposition to Turner's prima facie showing of entitlement to judgment as a matter of law in this regard, the plaintiff failed to raise a triable issue of fact with respect to the applicability of those Industrial Code provisions (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Moreover, contrary to the plaintiff's contention, 12 NYCRR 23-1.5 (c) (1) is a general safety standard and, thus, is an insufficient predicate for liability under Labor Law § 241 (6) (*see Gasques v State of New York*, 59 AD3d 666, 668 [2009]; *Maday v Gabe's Contr., LLC*, 20 AD3d 513 [2005]; *Sparkes v Berger*, 11 AD3d 601, 602 [2004]). Furthermore, to the extent that the plaintiff argues on appeal that 12 NYCRR 23-1.7 (e) and 23-4.2 (h) are applicable to the instant case, he failed to allege violations of these sections in his bill of particulars. Accordingly, the issue is not properly before this Court.

However, the Supreme Court erred in granting, upon renewal, that branch of Turner's cross motion which was for summary judgment dismissing so much of the Labor Law § 241 (6) cause of action as was predicated upon an alleged violation of 12 NYCRR 23-9.7 (d). That provision requires that "[t]rucks shall not be backed or dumped in places where persons are working nor backed into hazardous locations unless guided by a person so stationed that he sees the truck drivers and the spaces in back of the vehicles" (12 NYCRR 23-9.7 [d]). Evidence that the cement truck which struck the plaintiff at the construction site backed into the area where he was working, without being guided by another person who was properly positioned, is sufficient to raise a triable issue of fact as to whether Turner's violation of 12 NYCRR 23-9.7 (d) was a proximate cause of the plaintiff's injuries (*see generally Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 351 [1998]).

To the extent that the Supreme Court held that Turner, as the general contractor, was not liable under Labor Law § 241 (6) since it did not own or operate the truck, the Supreme Court erred. Labor Law § 241 (6) "creates a cause of action against owners and contractors, making them vicariously liable for the negligence of others whom they did not supervise, where . . . a specific, positive command[ ] or a concrete specification of a regulation promulgated by the Commissioner . . . has been violated" (*Toefer v Long Is. R.R.*, 4 NY3d 399, 409 [2005] [citations and internal quotation marks omitted]; *see Rizzuto v L. A. Wenger Contr. Co.*, 91 NY2d at 349-350). Accordingly, upon renewal, the Supreme Court should have adhered to the determi-

nation in its prior order denying that branch of Turner's cross motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it was predicated upon an alleged violation of 12 NYCRR 23-9.7 (d). Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur. **[Prior Case History: 2009 NY Slip Op 30930(U).]**