# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**921**
**CA 15-00183**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

JESSE FLADD, PLAINTIFF-RESPONDENT,

V                                                       MEMORANDUM AND ORDER

INSTALLED BUILDING PRODUCTS, LLC, ET AL.,
DEFENDANTS,
MORRELL BUILDERS, INC., AND S&J MORRELL, INC.,
DEFENDANTS-APPELLANTS.

---

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (MATTHEW C. LENAHAN OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

CELLINO & BARNES, P.C., ROCHESTER (RICHARD P. AMICO OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (William
P. Polito, J.), entered August 13, 2014.  The order denied in part the
motion of defendants Morrell Builders, Inc. and S&J Morrell, Inc., for
summary judgment, and granted in part plaintiff's cross motion for
partial summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the cross motion in its
entirety and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this Labor Law and common-law
negligence action seeking damages for injuries he allegedly sustained
while he was installing spray foam insulation inside a garage under
construction in a residential development owned by Morrell Builders,
Inc. and S&J Morrell, Inc. (defendants).  According to plaintiff,
while standing on the third or fourth rung of a 10-foot A-frame
ladder, he was struck in the upper rib cage area by a garage door that
was suddenly opened by a coworker.  The garage door was 16 feet wide
and 7 feet high, and the floor of the garage was unfinished and
consisted of "crush and run" gravel or pea stone.  The ladder was
placed on that surface by plaintiff's supervisor, and plaintiff
contends that the surface was unstable and inappropriate for ladder
footing.  Plaintiff alleges that, when he was struck by the garage
door, the ladder became more "wobbly" and he injured his back in
attempting to steady the ladder in order to prevent himself from
falling.

Defendants moved for summary judgment dismissing the complaint
against them, and plaintiff cross-moved for partial summary judgment

on liability on the Labor Law § 240 (1) cause of action.  Supreme
Court denied defendants' motion except with respect to Labor Law § 200
and common-law negligence, which plaintiff did not oppose, and granted
plaintiff's cross motion in part, determining that there was a
violation of Labor Law § 240 (1) that was a proximate cause of the
accident, but there was an issue of fact whether the accident was a
proximate cause of plaintiff's alleged injuries.  We conclude that the
court properly denied those parts of defendants' motion with respect
to Labor Law §§ 240 (1) and 241 (6), but we agree with defendants that
the court should have denied plaintiff's cross motion in its entirety.
We therefore modify the order accordingly.

Initially, we agree with plaintiff that "[t]he application of
section 240 (1) does not hinge on whether the worker actually hit the
ground" (*Striegel v Hillcrest Hgts. Dev. Corp.*, 100 NY2d 974, 978).
"Rather, that section equally applies where the force of gravity
requires the worker to act to prevent himself or herself from falling
from an elevated worksite" (*Peters v Kissling Interests, Inc.*, 63 AD3d
1519, 1520, *lv denied* 13 NY3d 903).  We likewise reject defendants'
contention that they were entitled to summary judgment dismissing the
Labor Law § 240 (1) cause of action on the ground that the accident
involved the usual and ordinary dangers of a construction site and
thus that section does not apply here (*see e.g. Riffo-Velozo v Village
of Scarsdale*, 68 AD3d 839, 840-841; *Montalvo v J. Petrocelli Constr.,
Inc.*, 8 AD3d 173, 173; *see generally Misseritti v Mark IV Constr. Co.*,
86 NY2d 487, 491, *rearg denied* 87 NY2d 969).

Nevertheless, we agree with defendants' alternative contention
that there are issues of fact with respect to how the accident
occurred and whether the ladder was " 'placed and operated as to give
proper protection' " to plaintiff pursuant to Labor Law § 240 (1)
(*Avendano v Sazerac, Inc.*, 248 AD2d 340, 341), particularly in light
of the various inconsistencies in the record as to how the accident
occurred.  Here, plaintiff testified at his deposition that the ladder
was placed "about ten feet" from the garage door opening.  Defendants
submitted the affidavit of an engineering expert who concluded based
on, inter alia, his personal examination and replication of the
accident conditions that the accident could not have happened as
plaintiff alleges.  According to defendants' expert, inasmuch as the
garage door was only 7 feet high, it could not have struck plaintiff
when he was situated on a ladder a distance of 10 feet from the door
opening.  Defendants' expert also opined that "crush and run" gravel
or pea stone is an appropriate and safe surface upon which to place a
10-foot A-frame ladder.  We further note that plaintiff also testified
at his deposition that, when he was on the ladder, his feet were
approximately 8 to 10 feet off the ground and his head was in between
rafters that were 16 feet high.

We reject defendants' further contention that the court erred in
denying that part of their motion for summary judgment dismissing the
Labor Law § 241 (6) cause of action.  We note that, with the exception
of 12 NYCRR 23-1.21, plaintiff has abandoned any reliance on the
various provisions of the Industrial Code and the Code of Federal

Regulations cited in his bill of particulars by failing to address them either in the motion court or on appeal (*see Cardenas v One State St., LLC*, 68 AD3d 436, 438).  Pursuant to 12 NYCRR 23-1.21 (b) (4) (ii), "[s]lippery surfaces and insecure objects such as bricks and boxes shall not be used as ladder footings" and, pursuant to 12 NYCRR 23-1.21 (e) (3), "[s]tanding stepladders shall be used only on firm, level footings."  In addition, 12 NYCRR 23-1.21 (b) (9) requires that ladders "shall not be placed in door openings unless the doors are securely fastened open, closed and locked or otherwise guarded against swinging."  We agree with plaintiff that defendants failed to establish as a matter of law that those provisions of the regulation are not applicable to the facts of this case (*see Whalen v ExxonMobil Oil Corp*., 50 AD3d 1553, 1554; *Hart v Turner Constr. Co.*, 30 AD3d 213, 214; *Losurdo v Skyline Assoc., L.P.*, 24 AD3d 1235, 1237), and we further agree with plaintiff that there are issues of fact concerning how the accident happened and whether the regulation was violated (*see generally Buhr v Concord Sq. Homes Assoc., Inc*., 126 AD3d 1533, 1534-1535).

Entered:  December 31, 2015                     Frances E. Cafarell
                                                Clerk of the Court