■ MARINA MANZO, as Executrix of ARTURO MANZO, Deceased, Appellant, v 372 DOUGHTY BOULEVARD CORP., Respondent. [47 NYS3d 137]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bruno, J.), entered May 23, 2014, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On May 6, 2010, the plaintiff's decedent, Arturo Manzo (hereinafter the decedent), allegedly fell to his death from the roof of a two-story office building owned by the defendant corporation. The decedent allegedly was asked by his now-deceased uncle, an officer of the defendant for whom he performed odd jobs, to measure a window in the office building. It is undisputed that there were no witnesses to the accident and it is unknown why the decedent was on the roof.

In January 2011, the plaintiff commenced this action, inter alia, to recover damages for wrongful death alleging violations of Labor Law §§ 240 (1) and 241 (6), and common-law negligence. Following discovery, the defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the plaintiff was unable to identify what caused the decedent's death. The Supreme Court granted the defendant's motion on the ground that any finding that the decedent fell from the defendant's roof or that the fall was attributable to the defendant's alleged negligence or alleged violations of the Labor Law would be purely speculative.

In support of its motion, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff could not identify what caused the alleged accident (*see Hod v Orchard Fields, LLC*, 111 AD3d 794, 794-795 [2013]; *Yefet v Shalmoni*, 81 AD3d 637, 637 [2011]; *Martone v Shields*, 71 AD3d 840, 840-841 [2010]; *Hennington v Ellington*, 22 AD3d 721, 721 [2005]; *Tejada v Jonas*, 17 AD3d 448, 448 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant's conduct proximately caused the decedent's death (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550 [1998]; *Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744 [1986]). Where, as here, there

are several equally plausible explanations for the decedent's death, which are not attributable to any alleged negligence of, or Labor Law violations by, the defendant, any determination by the trier of facts as to causation would be based on sheer speculation (*see Hod v Orchard Fields, LLC*, 111 AD3d at 795; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477, 478 [2001]; *Schafrick v Shinnecock Bait & Tackle Co.*, 204 AD2d 706, 708 [1994]; *Thomas v New York City Tr. Auth.*, 194 AD2d 663, 664 [1993]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Dillon, Balkin and Maltese, JJ., concur.