■ ALEXANDER WEICHT, Respondent, v CITY OF NEW YORK et al., Appellants. (And a Third-Party Action.) [49 NYS3d 680]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered December 21, 2015, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) claim, and denied defendants' cross motion for summary judgment dismissing that claim, unanimously affirmed, without costs.

"A plaintiff's inability to testify exactly as to how an accident occurred does not require dismissal where negligence and causation can be established with circumstantial evidence" (*Patrikis v Arniotis*, 129 AD3d 928, 930 [2d Dept 2015]; *Angamarca v New York City Partnership Hous. Dev. Fund Co., Inc.*, 56 AD3d 264, 264 [1st Dept 2008]). Plaintiff established his entitlement to partial summary judgment on the Labor Law § 240 (1) claim, despite his admitted inability to remember the specifics of the accident, through the submission of a workers' compensation report and the statement of defendant Rockmore Contracting Corp.'s owner, both of which established that the accident occurred when the bottom of the ladder from which plaintiff was descending suddenly slipped out from under him, causing him to fall to the ground (*see Ortiz v Burke Ave. Realty, Inc.*, 126 AD3d 577, 577 [1st Dept 2015]; *Nascimento v Bridgehampton Constr. Corp.*, 86 AD3d 189, 191 [1st Dept 2011]).

Defendants did not raise a triable issue of fact in opposition to plaintiff's prima facie case, and merely challenged the evidence submitted by plaintiff in support of his motion.

However, defendants may not for the first time on appeal challenge the admissibility of the reports submitted by plaintiff. Nevertheless, the workers' compensation report was properly considered by the motion court because it was properly authenticated as a business record by the person who prepared the report—who established that it was prepared in the regular course of business contemporaneously with the accident—and was based on the personal knowledge of someone who witnessed the accident (*see* CPLR 4518 [a]; *People v Kennedy*, 68 NY2d 569, 579-580 [1986]; *cf. Acevedo v Williams Scotsman, Inc.*, 116 AD3d 416, 417 [1st Dept 2014]). Moreover, testimony about a statement made by Rockmore's owner in a report to OSHA, detailing how the accident occurred, was admissible as a vicarious admission of an employee (*see Brusca v El Al Israel Airlines*, 75 AD2d 798, 800 [2d Dept 1980]; *Matter of Anthus v Rail Joint Co.*, 193 App Div 571 [3d Dept 1920], *affd* 231 NY 557 [1921]; *see generally* Prince, Richardson on Evidence § 8-208 at 515 [Farrell 11th ed 1995]). Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Webber and Gesmer, JJ.