Boody v El Sol Contr. & Constr. Corp. (2020 NY Slip Op 01140)





Boody v El Sol Contr. & Constr. Corp.


2020 NY Slip Op 01140


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-03880
 (Index No. 17243/09)

[*1]Robert Boody, respondent,
v El Sol Contracting and Construction Corporation, appellant, et al., defendants.


Hannum Feretic Prendergast & Merlino, LLC, New York, NY (David P. Feehan of counsel), for appellant.
Hofmann & Schweitzer, New York, NY (Dario A. Chinigo of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant El Sol Contracting and Construction Corporation appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered December 14, 2016. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendant El Sol Contracting and Construction Corporation which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against it are granted.
The plaintiff was employed as a construction worker for nonparty Caribe Construction Co. (hereinafter Caribe), a subcontractor hired by the defendant general contractor El Sol Contracting and Construction Corporation (hereinafter El Sol), to install temporary scaffolding for a repair project on the Cross Bay Veterans Memorial Bridge in Queens. In order to complete its work, Caribe in turn retained the defendant North East Marine, Inc., to provide tug boats and work barges, which transported Caribe's employees, supplies, and equipment around the work site. The plaintiff allegedly was injured while he was attempting to cross between two barges positioned on either side of a pier supporting the bridge. The plaintiff alleged that as he was walking, one of the mooring lines from the tug-barge combination tightened and caught his leg, pinning it against the pillar next to which he was walking.
The plaintiff commenced this action to recover damages for personal injuries against, among others, El Sol. El Sol moved, among other things, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against it. [*2]The Supreme Court, inter alia, denied those branches of El Sol's motion. El Sol appeals.
"Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60; see Poulin v Ultimate Homes, Inc., 166 AD3d 667, 670). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 61). Where "a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505; see Lombardi v Stout, 80 NY2d 290, 295). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62). "[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (Ortega v Puccia, 57 AD3d at 62; see Suconota v Knickerbocker Props., LLC, 116 AD3d 508, 508).
Contrary to the plaintiff's contentions, El Sol established, prima facie, that the accident did not arise from a dangerous or defective premises condition but from the method and manner of the work (see Poulin v Ultimate Homes, Inc., 166 AD3d at 672; Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144). El Sol further established that it did not exercise supervision or control over the performance of the work giving rise to the accident (see Lopez v Edge 11211, LLC, 150 AD3d 1214, 1216; Suconota v Knickerbocker Props., LLC, 116 AD3d at 508-509). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of El Sol's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it.
The Supreme Court also should have granted that branch of El Sol's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it. El Sol established, prima facie, that 12 NYCRR 23-1.7(e)(1) was inapplicable to the facts of this case (see Doxey v Freeport Union Free Sch. Dist., 115 AD3d 907, 909; DeLiso v State of New York, 69 AD3d 786). In opposition, the plaintiff failed to raise a triable issue of fact.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court