Joseph v 210 W. 18th, LLC (2020 NY Slip Op 07876)





Joseph v 210 W. 18th, LLC


2020 NY Slip Op 07876


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-13293
 (Index No. 20076/13)

[*1]Thadeus Joseph, appellant,
v
210 West 18th, LLC, et al., respondents.


Gorayeb & Associates, P.C., New York, NY (Peter D. Suglia of counsel), for appellant.
Nicoletti Gonson Spinner Ryan Gulino Pinter LLP, New York, NY (Laura M. Mattera of counsel), for respondents 210 West 18th, LLC, and SMJ 210 West 18th, LLC.
Kaufman Dolowich & Voluck LLP, Woodbury, NY (Jennifer E. Sherven of counsel), for respondent JM3 Construction, LLC.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated October 26, 2017. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he fell from an A-frame ladder while working in an apartment undergoing a renovation. The plaintiff's employer was a subcontractor hired by the defendant JM3 Construction, LLC, the general contractor, and the premises were owned by the defendants 210 West 18th, LLC, and SMJ 210 West 18th, LLC.
The plaintiff commenced this consolidated action against the defendants alleging, inter alia, causes of action sounding in violations of Labor Law §§ 200, 240(1), and 241(6). Following discovery, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The Supreme Court denied the plaintiff's motion, and the plaintiff appeals.
The plaintiff was the sole witness to the accident. In his affidavit in support of his motion for summary judgment, the plaintiff stated that the ladder was stable when he commenced work. At his deposition, he testified that the floor was level and the ladder's cross braces were fully extended. He testified that the ladder was not defective. According to the plaintiff, the ladder shook, and he fell backward, on his left side. He did not recall whether the ladder fell over.
Labor Law § 240(1) "imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in [*2]elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; see Orellana v 7 W. 34th St., LLC, 173 AD3d 886, 887). "To prevail on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must establish that the statute was violated and that the violation was a proximate cause of his or her injuries" (Lopez-Dones v 601 W. Assoc., LLC, 98 AD3d 476, 479; see Viera v WFJ Realty Corp., 140 AD3d 737, 738). Here, the fact that the plaintiff fell from a ladder, standing alone, is insufficient to establish, prima facie, that the ladder was an inadequate safety device (see Orellana v 7 W. 34th St., LLC, 173 AD3d 886, 887; Melchor v Singh, 90 AD3d 866, 868; Xidias v Morris Park Contr. Corp., 35 AD3d 850, 851; Costello v Hapco Realty, 305 AD2d 445, 447). Nor does his claim that the ladder shook satisfy that burden (see Yao Zong Wu v Zhen Jia Yang, 161 AD3d 813). No evidence was submitted that the ladder moved out of position, so as to indicate that it was inadequately secured (cf. Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727; DeSerio v City of New York, 171 AD3d 867; Cabrera v Arrow Steel Window Corp., 163 AD3d 758).
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court