Giglio v Turner Constr. Co. (2021 NY Slip Op 00296)





Giglio v Turner Constr. Co.


2021 NY Slip Op 00296


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-11941
 (Index No. 709933/15)

[*1]Richard Giglio, et al., respondents, 
v
Turner Construction Company, et al., appellants.


Malapero Prisco & Klauber LLP, New York, NY (Francis B. Mann, Jr., of counsel), for appellants.
Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), entered August 28, 2018. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) and common-law negligence.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law §§ 200 and 241(6) and common-law negligence are granted.
In April 2015, the plaintiff Richard Giglio (hereinafter the injured plaintiff) was working on a project to construct a new building for the defendant West Village Residences, LLC, which, in turn, hired the defendant Turner Construction Company (hereinafter Turner) as construction manager. Turner hired the injured plaintiff's employer, nonparty Port Morris Tile & Marble Corp., to perform tile work at the work site. The injured plaintiff, who was tasked with cutting and placing tiles in a bathroom, allegedly slipped and fell on a discarded plastic sheet used to package the tiles, which had become wet due to the spray from a nearby wet saw used to cut the tiles.
The injured plaintiff, and his wife suing derivatively, commenced this action against Turner, West Village Residences, LLC, and Rubin Management Co, Inc., alleging violations of Labor Law §§ 200, 240, and 241(6), as well as common-law negligence. After the completion of discovery, the defendants moved for summary judgment dismissing the complaint. In an order entered August 28, 2018, the Supreme Court denied those branches of the defendants' motion which were for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and the Labor Law § 241(6) cause of action, which was predicated on the defendants' alleged violation of 12 NYCRR 23-1.7(d). The defendants appeal.
"'Section 200 of the Labor Law merely codified the common-law duty imposed upon an owner or general contractor to provide construction site work[ers] with a safe place to work'" (Salgado v Rubin, 183 AD3d 617, 618, quoting Russin v Louis N. Picciano & Son, 54 NY2d 311, 316-317). "'To be held liable under Labor Law § 200 for injuries arising from the manner in which [*2]work is performed, a defendant must have authority to exercise supervision and control over the work'" (Salgado v Rubin, 183 AD3d at 618-619, quoting Rojas v Schwartz, 74 AD3d 1046, 1046). "Where the plaintiff's injuries arise from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 'if it either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition'" (Salgado v Rubin, 183 AD3d at 619, quoting Rojas v Schwartz, 74 AD3d at 1047).
Here, we agree with the defendants that the accident arose directly from the manner in which the injured plaintiff's work was performed, which generated both the water from the use of the wet saw as well as the discarded plastic sheet from the tiles' packaging (see Cody v State of New York, 82 AD3d 925). The defendants further established, prima facie, that they did not exercise supervision or control over the performance of the injury-producing work (see Poulin v Ultimate Homes, Inc., 166 AD3d 667, 673). In opposition, the plaintiffs failed to raise a triable issue of fact.
Moreover, the Supreme Court erred in determining that 12 NYCRR 23-1.7(d) applied under these circumstances. Section 23-1.7(d) requires employers to remove or cover "foreign substance[s]" which may cause slippery footing (12 NYCRR 23-1.7[d]). "Where . . . the substance naturally results from the work being performed, it is not generally considered a 'foreign substance' under [Section 23-1.7(d)]" (Kowalik v Lipschutz, 81 AD3d 782, 784). Here, the defendants established, prima facie, that section 23-1.7(d) is inapplicable, as the record demonstrates that the injured plaintiff slipped and fell on a wet plastic sheet, and that both the water and the plastic sheets were direct and natural results of the tile work (see Cappabianca v Skanska USA Bldg., Inc., 99 AD3d 139, 143; Kowalik v Lipschutz, 81 AD3d at 783; Salinas v Barney Skanska Constr. Co., 2 AD3d 619, 620). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6).
MASTRO, A.P.J., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court