Grieve v MCRT Northeast Constr., LLC (2021 NY Slip Op 04700)





Grieve v MCRT Northeast Constr., LLC


2021 NY Slip Op 04700


Decided on August 18, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 18, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-08098
 (Index No. 4208/2013)

[*1]David J. Grieve, et al., appellants, 
v
MCRT Northeast Construction, LLC, et al., defendants third-party plaintiffs-respondents; Moco Mechanical Incorporated, et al., third-party defendants-respondents.


Kenneth J. Ready, Mineola, NY, for appellants.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia, Glenn A Kaminska, and Kevin J. Murtagh of counsel), for defendants third-party plaintiffs-respondents.
Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Steven R. Dyki and Adam S. Oustatcher of counsel), for third-party defendant-respondent Moco Mechanical Incorporated.
McManus Ateshoglou Aiello & Apostolakos, PLLC, New York, NY (Vanessa M. Corchia and Peter Naber of counsel), for third-party defendant-respondent Xcel Plumbing of New York, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Julianne T. Capetola, J.), entered July 5, 2017. The order, insofar as appealed from, granted those branches of the separate motions of the defendants third-party plaintiffs and the third-party defendants which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on that cause of action.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the separate motions of the defendants third-party plaintiffs and the third-party defendants which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1), and substituting therefor provisions denying those branches of the motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On July 11, 2012, David J. Grieve (hereinafter Grieve) fell from a ladder while working for a subcontractor as a plumber installing pipe hangers for a main trunk line in the ceiling of a mechanical room at a construction site. Grieve, and his wife suing derivatively, subsequently commenced this action against the defendants MCRT Northeast Construction, LLC, and Mill Creek [*2]Residential Trust, LLC, to recover damages for personal injuries. The defendants commenced a third-party action against Moco Mechanical Incorporated (hereinafter Moco) and Xcel Plumbing of New York, Inc. (hereinafter Xcel), for contribution and indemnification, and alleging breach of their contractual obligations to obtain insurance.
The defendants and the third-party defendants each separately moved, inter alia, for summary judgment dismissing the complaint, and the plaintiffs cross-moved, among other things, for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. In an order entered July 5, 2017, the Supreme Court found, inter alia, that the plaintiffs could not establish that the defendants proximately caused the accident. The court, among other things, granted those branches of the defendants' and the third-party defendants' motions which were for summary judgment dismissing the Labor Law § 240(1) cause of action and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on that cause of action. The plaintiffs appeal.
"In order to establish liability under Labor Law § 240(1), there must be a violation of the statute, and the violation must be a proximate cause of the plaintiff's injury" (Cioffi v Target Corp., 188 AD3d 788, 790). "[A]n accident alone does not establish a Labor Law § 240(1) violation or causation" (id. at 790 [internal quotation marks omitted]). "Proximate cause may be established without direct evidence of causation, by inference from the circumstances of the accident; however, mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action" (Steinsvaag v City of New York, 96 AD3d 932, 933 [internal quotation marks omitted]).
Here, contrary to the Supreme Court's determination, there exist triable issues of fact regarding causation and neither the defendants, the third-party defendants, nor the plaintiffs met their prima facie burdens on their respective motions and cross motion for summary judgment. The defendants, the third-party defendants, and the plaintiffs submitted, in support of their separate motions and cross motion, inter alia, a transcript of the deposition testimony of Thomas Taylor, a safety specialist at the subject property, and of Michael Carroll, Grieve's coworker, which were in conflict with regard to proximate cause (see Hucke v Suffolk County Water Auth., 119 AD3d 735; Reyes v Khan, 90 AD3d 734). Carroll's testimony described the positioning of the subject ladder subsequent to Grieve's fall, indicating that one leg of the ladder was situated in a hole in the floor. That testimony provided circumstantial evidence that a statutory violation was the proximate cause of Grieve's fall (see Cioffi v Target Corp., 188 AD3d at 790; Weicht v City of New York, 148 AD3d 551, 551; see generally Cross v Roberts, 162 AD3d 852, 853). In contrast, Taylor's testimony that he heard Grieve say to the paramedics that he became dizzy and fell was evidence that Grieve fell as a result of becoming dizzy rather than because the ladder shifted into a hole in the floor (see Cioffi v Target Corp., 188 AD3d at 791). Contrary to the plaintiffs' contention, Taylor's testimony regarding what he heard Grieve say was not inadmissible hearsay, as it was a party admission (see Amann v Edmonds, 306 AD2d 362, 363; Guide to NY Evid rule 8.03, Admission by a Party). In light of the conflicting testimony regarding the cause of Grieve's fall submitted in support of the respective motions and cross motion, the Supreme Court should have denied those branches of the separate motions of the defendants and the third-party defendants which were for summary judgment dismissing the Labor Law § 240(1) cause of action, and the court properly denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on that cause of action.
The respondents' remaining contentions are not properly before this Court.
LASALLE, P.J., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court