Konkol v Shinnecock Hills Golf Club (2024 NY Slip Op 50081(U))

[*1]

Konkol v Shinnecock Hills Golf Club

2024 NY Slip Op 50081(U)

Decided on January 25, 2024

Supreme Court, Suffolk County

Moldelewski, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 25, 2024
Supreme Court, Suffolk County

Joshua Konkol, Plaintiff,

against
Shinnecock Hills Golf Club and UNITED STATES GOLF ASSOCIATION, Defendants.
SHINNECOCK HILLS GOLF CLUB and UNITED STATES GOLF ASSOCIATION, Third-Party Plaintiffs,
against 
ARENA AMERICAS, INC., Third-Party Defendant.

Index No. 606185/2020

WINGATE, RUSSOTTI, SHAPIRO & HALPERIN, LLP 
Attorneys for Plaintiff
420 Lexington Avenue, Room 2750
New York, New York 10170
HANNUM FERETIC PRENDERGAST &
MERLINO, LLC
Attorneys for Defendants/Third-Party Plaintiffs Shinnecock Hills Golf & USGA
147 East 2nd Street
Mineola, New York 11501

Christopher Moldelewski, J.

Upon the following papers read on this motion for partial summary judgment and cross motion for summary judgment: Notice of Motion/Order to Show Cause and supporting papers by plaintiff, dated July 20, 2023; Answering Affidavits and supporting papers by defendants/third-party plaintiffs, dated October 11, 2023; Notice of Cross-Motion and supporting papers by defendants/third-party plaintiffs, dated October 11, 2023; Answering Affidavits and supporting papers by plaintiff, dated October 24, 2023; Replying Affidavits and supporting papers by plaintiff, dated October 24, 2023; Replying Affidavits and supporting papers by defendants/third-party plaintiffs, dated October 27, 2023; it is
ORDERED that the motion by plaintiff Joshua Konkol for partial summary judgment on his Labor Law claims against defendants/third-party plaintiffs Shinnecock Hills Golf Club and United States Golf Association is denied; and it is further
ORDERED that the cross-motion by defendants/third-party plaintiffs Shinnecock Hills Golf Club and United States Golf Association for summary judgment dismissing the complaint is granted.
Plaintiff Joshua Konkol commenced this action to recover damages for personal injuries he allegedly sustained on March 26, 2018, at the premises known as Shinnecock Hills Golf Club ("the golf club"), during his employ for third-party defendant Arena Americas, Inc. ("third-party defendant"). The accident allegedly occurred when plaintiff fell from a ladder on which he was standing. Defendant/third-party plaintiff Shinnecock Hills Golf Club allegedly leased the golf club, located in Southampton, New York, to defendant/third-party plaintiff United States Golf Association. United States Golf Association allegedly hired third-party defendant to perform certain work in preparation for the 2018 U.S. Open Championship to be held at the golf club. Plaintiff asserts causes of action for common-law negligence and violations of Labor Law §§ 200, 240, 241, and 241-a. Third-party defendant has not answered the third-party complaint or appeared in this action.
Plaintiff now moves for partial summary judgment on his Labor Law claims against defendants/third-party plaintiffs. Plaintiff contends, among other things, that defendants/third-party plaintiffs are liable under Labor Law § 200, since a dangerous condition existed and they knew or should have known of its existence. With regard to his Labor Law § 240 (1) claim, plaintiff argues, in part, that the subject ladder moved and was not secured. Plaintiff further contends that he is entitled to partial summary judgment on his Labor Law § 241 (6) claim based [*2]on defendants/third-party plaintiffs' violation of Industrial Code (12 NYCRR) § 23-1.21 (b) (9). In support of his motion, plaintiff submits, inter alia, his own deposition transcript.
Defendants/third-party plaintiffs oppose plaintiff's motion and cross-move for summary judgment dismissing the complaint. Defendants/third-party plaintiffs argue, among other things, that plaintiff's claims for common-law negligence and violation of Labor Law § 200 must be dismissed, since the accident did not involve a defective or dangerous premises condition, and that neither of them controlled the means and methods of his work. Defendants/third-party plaintiffs also argue that they cannot be liable under Labor Law § 240 (1), as plaintiff was unable to identify the cause of his accident. With regard to plaintiff's Labor Law § 240 (1) claim, defendants/third-party plaintiffs contend, in part, that the Industrial Code provisions cited by plaintiff in the bill of particulars either lack the specificity required to qualify as a predicate for that claim or are inapplicable to this action. Defendants/third-party plaintiffs also contend that plaintiff improperly alleges a violation of Industrial Code (12 NYCRR) § 23-1.21 (b) (9) for the first time in support of his motion, and that, in any event, such provision is inapplicable here. Defendants/third-party plaintiffs further argue that they are entitled to summary judgment dismissing plaintiff's remaining claims, because Labor Law §§ 240 (2) and (3) and 241-a are inapplicable to this matter. In support of their cross motion, defendants/third-party plaintiffs submit, inter alia, the deposition transcripts of plaintiff, Nicholas Conlin, who is Shinnecock Hills Golf Club's general manager, and Timothy Lloyd, who is United States Golf Association's director of operations.
Labor Law § 200 codifies the common-law duty of property owners, contractors, and their agents to provide workers with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 670 NYS2d 816 [1998]; Ricottone v PSEG Long Is., LLC, 221 AD3d 1032, 200 NYS3d 445 [2d Dept 2023]). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Walsh v Kenny, 219 AD3d 1555, 1557, 198 NYS3d 90 [2d Dept 2023], quoting Ortega v Puccia, 57 AD3d 54, 61, 866 NYS2d 323 [2d Dept 2008]; see Wilson v Bergon Constr. Corp., 219 AD3d 1380, 195 NYS3d 800 [2d Dept 2023]). Where the methods or materials of the work are at issue, the owner or general contractor must have exercised some supervisory control over the operation (see Mitchell v 148th St. Jamaica Condominium, 221 AD3d 596, 198 NYS3d 396 [2d Dept 2023]; Wilson v Bergon Constr. Corp., 219 AD3d 1380, 195 NYS3d 800). By contrast, where a premises condition is at issue, a defendant may be liable under Labor Law § 200 if it either created the allegedly dangerous or defective condition, or had actual or constructive notice of its existence without remedying it within a reasonable time (see Ricottone v PSEG Long Is., LLC, 221 AD3d 1032, 200 NYS3d 445; Walsh v Kenny, 219 AD3d 1555, 198 NYS3d 90). A defendant, however, is not obligated to blindly accept the plaintiff's categorization of an accident as either a method and manner case or a dangerous condition case, or both and may establish, as part of its prima facie showing, that the accident falls into one of the two broad categories of cases under the statute (see Rodriguez v HY 38 Owner, LLC, 192 AD3d 839, 143 NYS3d 411 [2d Dept 2021]; Poulin v Ultimate Homes, Inc., 166 AD3d 667, 87 NYS3d 189 [2d Dept 2018]).
Defendants/third-party plaintiffs established their prima facie entitlement to summary [*3]judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims. Here, defendants/third-party plaintiffs demonstrated, prima facie, that the accident did not arise from a dangerous or defective premises condition, but rather from the method and manner of the work (see Gomez v 670 Merrick Rd. Realty Corp., 189 AD3d 1187, 138 NYS3d 111 [2d Dept 2020]; Boody v El Sol Contr. & Constr. Corp., 180 AD3d 863, 116 NYS3d 586 [2d Dept 2020]; Pchelka v Southcroft, LLC, 178 AD3d 836, 115 NYS3d 382 [2d Dept 2019]). The evidence adduced by defendants/third-party plaintiffs indicated, among other things, that plaintiff fell from a ladder on which he was standing while he was installing a tent, and that he did not receive any equipment, supplies, or instructions from either of them. Defendants/third-party plaintiffs further demonstrated, prima facie, that they did not exercise supervision or control over the performance of the work giving rise to the accident (see Gomez v 670 Merrick Rd. Realty Corp., 189 AD3d 1187, 138 NYS3d 111; Boody v El Sol Contr. & Constr. Corp., 180 AD3d 863, 116 NYS3d 586; Pchelka v Southcroft, LLC, 178 AD3d 836, 115 NYS3d 382). Evidence of mere general supervisory authority at a work site for the purpose of overseeing the progress of the work, inspecting the work product, or making aesthetic decisions is insufficient to impose liability under Labor Law § 200 (see Cruz v 451 Lexington Realty, LLC, 218 AD3d 733, 193 NYS3d 238 [2d Dept 2023]; Jarnutowski v City of Long Beach, 210 AD3d 881, 179 NYS3d 105 [2d Dept 2022]). In opposition, plaintiff failed to raise a triable issue of fact (see Gomez v 670 Merrick Rd. Realty Corp., 189 AD3d 1187, 138 NYS3d 111; Boody v El Sol Contr. & Constr. Corp., 180 AD3d 863, 116 NYS3d 586; Pchelka v Southcroft, LLC, 178 AD3d 836, 115 NYS3d 382).
"To prevail on a Labor Law § 240 (1) cause of action, 'a plaintiff must prove that the defendant violated the statute and that such violation was a proximate cause of his or her injuries'" (Hossain v Condominium Bd. of Grand Professional Bldg., 221 AD3d 981, 983, 200 NYS3d 437 [2d Dept 2023], quoting Exley v Cassell Vacation Homes, Inc., 209 AD3d 839, 840, 175 NYS3d 579 [2d Dept 2023]; see Wilson v Bergon Constr. Corp., 219 AD3d 1380, 195 NYS3d 800). "Proximate cause may be established without direct evidence of causation, by inference from the circumstances of the accident; however, mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action" (Maisuradze v Nows The Time, Inc., 219 AD3d 722, 724, 194 NYS3d 317 [2d Dept 2023] [internal quotation marks omitted], quoting Grieve v MCRT Northeast Constr., LLC, 197 AD3d 623, 624, 153 NYS3d 80 [2d Dept 2022]; see Steinsvaag v City of New York, 96 AD3d 932, 947 NYS2d 536 [2d Dept 2012]). Accordingly, a defendant may make a prima facie case of entitlement to judgment as a matter of law by demonstrating that the plaintiff cannot identify the cause of his or her accident without engaging in speculation (see Manzo v 372 Doughty Blvd. Corp., 147 AD3d 930, 47 NYS3d 137 [2d Dept 2017]; Antelope v Saint Aidan's Church, Inc., 110 AD3d 1020, 973 NYS2d 769 [2d Dept 2013]).
Here, defendants/third-party plaintiffs established, prima facie, that plaintiff could not identify what caused his accident (see Manzo v 372 Doughty Blvd. Corp., 147 AD3d 930, 47 NYS3d 137; see also Antelope v Saint Aidan's Church, Inc., 110 AD3d 1020, 973 NYS2d 769; cf. Grieve v MCRT Northeast Constr., LLC, 197 AD3d 623,153 NYS3d 80; Weicht v City of New York, 148 AD3d 551, 49 NYS3d 680 [1st Dept 2017]). According to his deposition testimony, plaintiff admittedly "just kind of assumed" that the ladder moved to the left and was [*4]"not exactly sure . . . which way anything really went." While plaintiff also testified at his deposition that prior to the accident, "[he] could feel . . . the wall hitting the bottom of the ladder a bit" due to wind, based on his deposition testimony, a jury would have to speculate as to the cause of the accident (see Antelope v Saint Aidan's Church, Inc., 110 AD3d 1020, 973 NYS2d 769; see also Belmonte v City of New York, 220 AD3d 727, 197 NYS3d 554 [2d Dept 2023]). In opposition, plaintiff failed to raise a triable issue of fact (Manzo v 372 Doughty Blvd. Corp., 147 AD3d 930, 47 NYS3d 137; see also Antelope v Saint Aidan's Church, Inc., 110 AD3d 1020, 973 NYS2d 769). Plaintiff's mere belief that "the ladder fell from getting hit by the wall" was insufficient to raise a triable of fact here (see Joseph v 210 West 18th, LLC, 189 AD3d 1384, 134 NYS3d 775 [2d Dept 2020]; Podobedov v East Coast Constr. Group, Inc., 133 AD3d 733, 21 NYS3d 128 [2d Dept 2015]). Moreover, plaintiff did not unequivocally testify at his deposition that the ladder moved, so as to indicate that it was inadequately secured (see Joseph v 210 West 18th, LLC, 189 AD3d 1384, 134 NYS3d 775). The court finds plaintiffs' remaining arguments in opposition without merit.
Pursuant to Labor Law § 241 (6), owners, contractor, and their agents have a nondelegable duty to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 601 NYS2d 49 [1993]; see Mitchell v 148th St. Jamaica Condominium, 221 AD3d 596, 198 NYS3d 396). To prove a Labor Law § 241 (6) claim, a plaintiff must establish that his or her injuries were proximately caused by the violation of a regulation that sets forth a specific standard of conduct (see Toalongo v Almarwa Ctr., 202 AD3d 1128, 164 NYS3d 162 [2d Dept 2022]; Fonck v City of New York, 198 AD3d 874, 156 NYS3d 308 [2d Dept 2021]). The failure to identify the provision of the Industrial Code allegedly violated in support of a Labor Law § 241 (6) cause of action in the complaint or in the bill of particulars is not necessarily fatal to such a claim (see Sheng Hai Tong vK & K 7619, Inc., 144 AD3d 887, 41 NYS3d 266 [2d Dept 2016]; Doto v Astoria Energy II, LLC, 129 AD3d 660, 11 NYS3d 201 [2d Dept 2015]).
Defendants/third-party plaintiffs also established their prima facie entitlement to summary judgment dismissing plaintiff's Labor Law § 241 (6) claim. Defendants/third-party plaintiffs demonstrated, prima facie, that neither Industrial Code (12 NYCRR) § 23-1.5 (a), which merely sets forth a general standard of care for employers, nor Industrial Code (12 NYCRR) § 23-1.5 (b), which serves to amplify other provisions of the Industrial Code requiring a designated individual to perform or supervise work, can serve as a predicate for liability under the statute (see Ulrich v Motor Parkway Props., 84 AD3d 1221, 924 NYS2d 493 [2d Dept 2011]; Guallpa v Canarsie Plaza, LLC, 144 AD3d 1088, 42 NYS3d 293 [2d Dept 2016]). Similarly , defendants/third-party plaintiffs demonstrated, prima facie, that Industrial Code (12 NYCRR) § 23-1.5 (c) (1) and (2) are insufficient as predicates for Labor Law § 241 (6) liability, since those provisions set forth general, rather than specific, standards of conduct (see Gasques v State of New York, 15 NY3d 869, 910 NYS2d 415 [2010]; McLean v Tishman Const. Corp., 144 AD3d 534, 40 NYS3d 771 [1st Dept 2016]; Erickson v Cross Ready Mix, Inc., 75 AD3d 524, 906 NYS2d 54 [2d Dept 2010]). They also demonstrated, prima facie, that Industrial Code (12 NYCRR) § 23-1.5 (c) (3), which provides that "[a]ll safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored [*5]or immediately removed from the job site if damaged," does not apply under the circumstances herein (see Gomez v 670 Merrick Rd. Realty Corp., 189 AD3d 1187, 138 NYS3d 111 [2d Dept 2020]; Canty v 133 East 79th St., LLC, 167 AD3d 548, 91 NYS3d 98 [1st Dept 2018]).
With regard to Industrial Code (12 NYCRR) § 23-1.7, which provides for protection from general hazards and which relates to, inter alia, overhead, falling, slipping, tripping, and other hazards, and vertical passages, defendants/third-party plaintiffs established, prima facie, that Industrial Code (12 NYCRR) § 23-1.7 (a) (2), (b), (d), (e), and (f) have no applicability here (see Freyberg v Adelphi Univ., 221 AD3d 658, 199 NYS3d 158 [2d Dept 2023]; Cruz v 451 Lexington Realty, LLC, 218 AD3d 733, 193 NYS3d 238 [2d Dept 2023]; Dyszkiewicz v City of New York, 218 AD3d 546, 194 NYS3d 33 [2d Dept 2023]; Ramones v 425 County Rd., LLC, 217 AD3d 977, 193 NYS3d 47 [2d Dept 2023]; Castro v Wythe Gardens, LLC, 217 AD3d 822, 191 NYS3d 708 [2d Dept 2023]; Giglio v Turner Constr. Co., 190 AD3d 829, 136 NYS3d 744 [2d Dept 2021]; Fonck v City of New York, 198 AD3d 874, 156 NYS3d 308; Vatavuk v Genting NY, LLC, 142 AD3d 989, 37 NYS3d 445 [2d Dept 2016]; McKee v Great Atl. & Pac. Tea Co.,73 AD3d 872, 905 NYS2d 601 [2d Dept 2010]). In a similar vein, defendants/third-party plaintiffs established, prima facie, that neither Industrial Code (12 NYCRR) § 23-1.15, which sets forth standards for safety railings, nor Industrial Code (12 NYCRR) § 23-1.16, which concerns safety belts, harnesses, tail lines, and lifelines, apply here, since plaintiff was not provided with any such devices (see Ramirez v Metropolitan Transp. Auth., 106 AD3d 799, 965 NYS2d 156 [2d Dept 2013]; Fusca v A & S Const., LLC, 84 AD3d 1155, 924 NYS2d 463 [2d Dept 2011]; Forschner v Jucca Co., 63 AD3d 996, 883 NYS2d 63 [2d Dept 2009]; Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d 616, 852 NYS2d 138 [2d Dept 2008]). Additionally, defendants/third-party plaintiffs further demonstrated, prima facie, that Industrial Code (12 NYCRR) § 23-2.1 (a) (1) and (2), governing the storage of material and equipment, are inapplicable to this action (see Chuqui v Amna, 203 AD3d 1018, 166 NYS3d 192 [2d Dept 2022]; Aragona v State of New York, 74 AD3d 1260, 905 NYS2d 237 [2d Dept 2010]). Likewise, defendants/third-party plaintiffs established, prima facie, that Industrial Code (12 NYCRR) § 23-2.7 (a), (b), and (c), setting forth certain stairway requirements during the construction of buildings, do not apply here (cf. Waldron v City of New York, 203 AD3d 565, 162 NYS3d 700 [1st Dept 2022]; Morris v City of New York, 87 AD3d 918, 929 NYS2d 585 [1st Dept 2011]). Moreover, defendants/third-party plaintiffs established, prima facie, that Industrial Code (12 NYCRR) § 23-5.1, which governs scaffolds, and that Industrial Code (12 NYCRR) § 23-5.3 (e) and (f), both of which pertain to metal scaffolds, are inapplicable to this action, since plaintiff was not working on a scaffold at the time of the accident (see Karwowski v Grolier Club of City of NY, 144 AD3d 865, 41 NYS3d 261 [2d Dept 2016]; Mutadir v 80-90 Maiden Lane Del LLC, 110 AD3d 641, 974 NYS2d 364 [2d Dept 2013]). 
Further, defendants/third-party plaintiffs address plaintiff's belated allegation of a violation of Industrial Code (12 NYCRR) § 23-1.21 (b) (9). Industrial Code (12 NYCRR) § 23-1.21 (b) (9) provides that "[l]adders shall not be placed in door openings unless the doors are securely fastened open, closed and locked or otherwise effectively guarded against swinging," Assuming, without deciding, that plaintiff can properly rely upon Industrial Code (12 NYCRR) § 23-1.21 (b) (9), raised for the first time in support of his motion (see e.g. Sheng Hai Tong vK & K 7619, Inc., 144 AD3d 887, 41 NYS3d 266; Doto v Astoria Energy II, LLC, 129 AD3d 660, [*6]11 NYS3d 201; Kowalik v Lipschutz, 81 AD3d 782, 917 NYS2d 251 [2d Dept 2011]), defendants/third-party plaintiffs nevertheless demonstrated, prima facie, that such provision is inapplicable here (cf. Fladd v Installed Bldg. Prods., LLC, 134 AD3d 1480, 24 NYS3d 459 [4th Dept 2015]; Riffo-Velozo v Village of Scarsdale, 68 AD3d 839, 891 NYS2d 418 [2d Dept 2009]; Whalen v ExxonMobil Oil Corp., 50 AD3d 1553, 856 NYS2d 789 [4th Dept 2008]).
In opposition, plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 508 NYS2d 923 [1986]). Plaintiff abandoned his reliance on those Industrial Code provisions cited in his bill of particulars by failing to address them in opposition to defendants/third-party plaintiffs' cross motion (see Rivas v Purvis Holdings, LLC, ___ AD3d ___, 200 NYS3d 453 [2d Dept 2023]; Elam v Ryder Sys., Inc., 176 AD3d 675, 107 NYS3d 718 [2d Dept 2019]; Pita v Roosevelt Union Free Sch. Dist., 156 AD3d 833, 68 NYS3d 84 [2d Dept 2017]). Additionally, the Court finds his argument that "the tent flap was similar to a door," as to bring his claim within the purview of Industrial Code (12 NYCRR) § 23-1.21 (b) (9), unavailing. In light of the determination herein, plaintiff's motion is denied as academic.
Finally, defendants/third-party plaintiffs also established their prima facie entitlement to summary judgment dismissing plaintiff's remaining claims. Defendants/third-party plaintiffs demonstrated, prima facie, that Labor Law § 240 (2), which pertains to scaffolding or staging more than 20 feet above the ground or floor, is inapplicable here (cf. Tama v Gargiulo Bros., Inc., 61 AD3d 958, 878 NYS2d 128 [2d Dept 2009]), as is Labor Law § 240 (3), which specifies the weight-bearing capacity of scaffolding (see Bellreng v Sicoli & Massaro, Inc., 108 AD3d 1027, 969 NYS2d 629 [4th Dept 2013]; cf. Robertti v Chang, 227 AD2d 542, 642 NYS2d 715 [2d Dept 1996]). Similarly, defendants/third-party plaintiffs established, prima facie, that Law § 241-a, relating to those working in or at elevator shaftways, hatchways, and stairwells, has no application here (see Desena v North Shore Hebrew Academy, 119 AD3d 631, 989 NYS2d 505 [2d Dept 2014]; Kelly v Bruno and Son, Inc., 190 AD2d 777, 593 NYS2d 555 [2d Dept 1993]). Plaintiff concedes that Labor Law §§ 240 (2) and (3) and 241-a are inapplicable to this action.
Accordingly, the cross-motion for summary judgment of defendants/third-party plaintiffs is granted and the motion for summary judgment of plaintiff is denied.
The foregoing constitutes the decision and Order of the Court.
Dated: January 25, 2024
HON. CHRISTOPHER MODELEWSKI, J.S.C.