Toalongo v Almarwa Ctr., Inc. (2022 NY Slip Op 01196)





Toalongo v Almarwa Ctr., Inc.


2022 NY Slip Op 01196


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
REINALDO E. RIVERA
PAUL WOOTEN, JJ.


2019-07797
 (Index No. 506197/16)

[*1]Jorge Toalongo, respondent-appellant,
v
Almarwa Center, Inc., et al., appellants-respondents, et al., defendant.


Weiner, Millo, Morgan & Bonanno, LLC, New York, NY (John P. Bonanno of counsel), for appellant-respondent Almarwa Center, Inc.
Hasapidis Law Offices, South Salem, NY (Annette G. Hasapidis of counsel), for appellant-respondent Al-Iman Center, Inc.
Peña & Kahn, PLLC, Bronx, NY (Eric J. Gottfried and Jeffrey J. Schietzelt of counsel), for respondent-appellant.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Almarwa Center, Inc., and Al-Iman Center, Inc., separately appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated May 17, 2019. The order, insofar as appealed from, denied those branches of those defendants' motions which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) and so much of the cause of action alleging negligence and violation of Labor Law § 200 as was premised on those defendants' notice of the purported dangerous condition insofar as asserted against each of them. The order, insofar as cross-appealed from, denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against those defendants.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
On February 18, 2016, the plaintiff allegedly was injured in the course of his employment with Global Design #1, Inc. (hereinafter Global), during the expansion of a mosque and the construction of a new school above it. The defendants Almarwa Center, Inc. (hereinafter Almarwa), and Al-Iman Center, Inc. (hereinafter Al-Iman; hereinafter together the defendants), owned the mosque and the school being constructed. The defendants contracted with the defendant U.S. Sheltech, Inc. (hereinafter US Sheltech), to be the general contractor. US Sheltech contracted with Global to do the structural steel work. The plaintiff allegedly sustained injuries when he slipped on ice, water, and debris in a stairwell while trying to support the weight of a steel beam that was being lowered down to him by two coworkers on a scaffold above him.
The plaintiff commenced this action alleging common-law negligence and violations of Labor Law §§ 200, 240, and 241. The defendants separately moved for summary judgment [*2]dismissing the complaint insofar as asserted against each of them. The plaintiff cross-moved for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the defendants. In an order dated May 17, 2019, the Supreme Court, inter alia, denied those branches of the defendants' motions which were for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action and so much of the negligence and Labor Law § 200 cause of action as was premised on the defendants' notice of the alleged dangerous condition, and denied the plaintiff's cross motion for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the defendants. The defendants separately appeal, and the plaintiff cross-appeals.
Labor Law § 240(1) "imposes absolute liability on building owners and contractors whose failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker" (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7 [internal quotation marks omitted]). "Whether a plaintiff is entitled to recovery under Labor Law § 240(1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies" (id. at 7). The decisive question in determining liability pursuant to Labor Law § 240(1) "is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603; see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 10).
Here, in support of their respective motions and cross motion, the defendants and the plaintiff submitted, inter alia, transcripts of the deposition testimony of the plaintiff. On the first date of his deposition testimony, the plaintiff failed to mention any risk arising from a significant elevation differential, and on the second date of his testimony, the plaintiff testified that his injuries were the result of a steel beam weighing approximately 500 to 600 pounds being passed down to him by two coworkers on a scaffold above him, absent any safety device, which caused him to slip on water, ice, and other debris. In light of the discrepancies in the plaintiff's deposition testimony regarding whether there was a causal connection between an object's inadequately regulated descent and his injury, neither the defendants nor the plaintiff met their prima facie burdens on their respective motions and cross motion (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 11; Grieve v MCRT Northeast Constr., LLC, 197 AD3d 623, 623). Although the defendants argue on appeal that the Supreme Court erred in considering the affidavit of the plaintiff's coworker, this affidavit, even if considered by the court, does not warrant a different result. Accordingly, the court properly denied those branches of the defendants' motions which were for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against them and the plaintiff's cross motion for summary judgment on the issue of liability on that cause of action insofar as asserted against the defendants, regardless of the parties' papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Contrary to the defendants' contention, the plaintiff's deposition testimony on the second date of his testimony does not present a feigned issue of fact designed to avoid the consequences of his earlier deposition testimony (see Red Zone LLC v Cadwalader, Wickersham & Taft LLP, 27 NY3d 1048, 1049; Cox v McCormick Farms, Inc., 144 AD3d 1533, 1534).
Section 200 of the Labor Law codifies the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work (see Russin v Louis N. Picciano & Son, 54 NY2d 311, 316-317; Khan v Khan, 197 AD3d 1165, 1167; Ortega v Puccia, 57 AD3d 54, 60). Cases involving Labor Law § 200 fall into two broad categories, those where workers are injured as a result of a dangerous or defective premises condition and those involving the manner in which the work is performed (see Ortega v Puccia, 57 AD3d at 61). "Where a premises condition is at issue, property owners may be held liable for a violation of Labor Law § 200 if the owner either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition that caused the accident" (id. at 61; see Khan v Khan, 197 AD3d at 1167).
Here, the defendants failed to establish, prima facie, that they did not have actual or [*3]constructive notice of an allegedly dangerous condition that contributed to the plaintiff's accident, namely, water, ice, and debris in the stairwell where the plaintiff's accident occurred (see Alberici v Gold Medal Gymnastics, 197 AD3d 540, 540; Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 720; Bessa v Anflo Indus., Inc., 148 AD3d 974, 978). Accordingly, the Supreme Court properly denied those branches of the defendants' motions which were for summary judgment dismissing so much of the common-law negligence and Labor Law § 200 cause of action as was premised on the defendants' notice of the purported dangerous condition, regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Labor Law § 241(6), "requires owners and contractors to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (St. Louis v Town of N. Elba, 16 NY3d 411, 413-414; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502). To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by the violation of a regulation that sets forth a specific standard of conduct (see St. Louis v Town of N. Elba, 16 NY3d at 414; Ross v Curtis-Palmer Hydro-Electric Co., 81 NY2d at 502). Since section 241(6) imposes a nondelegable duty on property owners, a plaintiff need not show that the defendant exercised supervision or control over the work site in order to establish a right of recovery; nevertheless, comparative negligence remains a valid defense to a section 241(6) cause of action (see St. Louis v Town of N. Elba, 16 NY3d at 413 [internal quotation marks omitted]; Aragona v State of New York, 147 AD3d 808, 809).
Here, the plaintiff alleged, inter alia, that his injuries were proximately caused by the defendants' violation of 12 NYCRR 23-1.7(d), which requires that "[e]mployers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition. Ice, snow, water, grease and any other foreign substance which may cause slippery footing shall be removed, sanded or covered to provide safe footing." In support of their motions for summary judgment, the defendants failed to demonstrate, prima facie, that this regulation was inapplicable, not violated, or that the alleged violation was not a proximate cause of the plaintiff's injuries (see Pereira v Hunt/Bovis Lend Lease Alliance II, 193 AD3d 1085, 1085; Medina-Arana v Henry St. Prop. Holdings, LLC, 186 AD3d 1666, 1669; Mendez v Vardaris Tech, Inc., 173 AD3d 1004, 1006). Accordingly, the Supreme Court properly denied those branches of the defendants' motions which were for summary judgment dismissing the Labor Law § 241(6) cause of action, regardless of the sufficiency of the plaintiff's papers in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
DILLON, J.P., BRATHWAITE NELSON, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court