Lima v HY 38 Owner, LLC (2022 NY Slip Op 05162)

Lima v HY 38 Owner, LLC

2022 NY Slip Op 05162

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2020-02342
 (Index No. 1805/16)

[*1]Miguel Lima, et al., appellants-respondents,
v
HY 38 Owner, LLC, et al., respondents-appellants.

Ronai & Ronai, LLP (Holly Ostrov Ronai and Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for appellants-respondents.
London Fischer LLP, New York, NY (David B. Franklin of counsel), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated December 19, 2020. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), and granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6). The order, insofar as cross-appealed from, denied those branches of the defendants' cross motion which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against the defendant Monadnock Construction, Inc.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In April 2015, the plaintiff Miguel Lima, while working on a construction site in Manhattan, allegedly was injured when he was struck by a section of a caisson pipe that was being cut with a blow torch by a coworker. Lima testified at his deposition that a strap was tied around the pipe and connected to the bucket of a backhoe excavator to prevent the pipe from falling to the ground after it was cut. The strap was tied "very tight[ly]" or "tense[ly]." As Lima's coworker cut the pipe, the pipe "suddenly" sprang up several feet into the air and struck Lima.
Lima, and his wife suing derivatively, commenced this personal injury action, asserting causes of action alleging, inter alia, common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiffs moved, among other things, for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The defendants cross-moved for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The Supreme Court, inter alia, denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6), denied those branches of the defendants' cross motion which were for summary judgment [*2]dismissing the cause of action alleging a violation of Labor Law § 240(1) and dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against the defendant Monadnock Construction, Inc., and granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6).
The Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1). Neither the plaintiffs nor the defendants established their prima facie entitlement to judgment as a matter of law with respect to the Labor Law § 240(1) cause of action (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324). Triable issues of fact exist, inter alia, as to how the alleged accident occurred, including whether Lima's injuries resulted from the type of hazard contemplated by Labor Law § 240(1) (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501; Zimmer v Chemung County Performing Arts, 65 NY2d 513), or whether Lima's injuries were caused when the pipe was propelled upward by the sudden release in the tension of the strap and, thus, were "not the direct consequence of the application of the force of gravity to an object or person" (Gasques v State of New York, 15 NY3d 869, 870; see De Jesus v Metro-North Commuter R.R., 159 AD3d 951, 952; Medina v City of New York, 87 AD3d 907, 909).
The parties' remaining contentions are without merit.
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court