Jarnutowski v City of Long Beach (2022 NY Slip Op 06474)

Jarnutowski v City of Long Beach

2022 NY Slip Op 06474

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-03820
 (Index No. 601920/17)

[*1]Lukasz Jarnutowski, appellant-respondent,
v
City of Long Beach, respondent-appellant, et al., defendants.

The Platta Law Firm, PLLC, New York, NY (Michael L. Taub and Laurence D. Rogers of counsel), for appellant-respondent.
Ahmuty, Demers & McManus, Albertson, NY (Glenn A. Kaminska and Kevin J. Murtagh of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant City of Long Beach cross-appeals, from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), dated May 11, 2020. The order, insofar as appealed from, denied the plaintiff's cross motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant City of Long Beach. The order, insofar as cross-appealed from, denied the motion of the defendant City of Long Beach for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant City of Long Beach which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant City of Long Beach.
The plaintiff allegedly was injured at a construction site inside a City of Long Beach Sanitation Department building in November 2016. In March 2017, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant City of Long Beach, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). Thereafter, the City moved for summary judgment dismissing the complaint insofar as asserted against it. The plaintiff cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the City. In an order dated May 11, 2020, the Supreme Court, inter alia, denied the City's motion and the plaintiff's cross motion. The plaintiff appeals, and the City cross-appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657). "[T]o prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the [*2]violation was a proximate cause of his or her injuries" (id. at 657 [internal quotation marks omitted]). "Although comparative fault is not a defense to the strict liability of the statute, where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1)" (Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160, 1162). Here, the evidence submitted by the City in support of its motion and by the plaintiff in support of his cross motion failed to eliminate triable issues of fact as to the manner in which the accident occurred, whether adequate safety devices were available at the work site, whether the absence of an adequate safety device was a proximate cause of the accident, and whether the plaintiff's actions were the sole proximate cause of his injuries (see Guaman v 178 Ct. St. LLC, 200 AD3d at 657). Accordingly, the Supreme Court properly denied that branch of the City's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it, and properly denied the plaintiff's cross motion for summary judgment on the issue of liability on that cause of action insofar as asserted against the City.
"Labor Law § 241(6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (Norero v 99-105 Third Ave. Realty, LLC, 96 AD3d 727, 728). Contrary to the City's contention, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing the Labor Law § 241(6) cause of action, predicated upon violations of 12 NYCRR 23-1.7(b)(l) and 12 NYCRR 23-3.3(b) and (c), insofar as asserted against it. Since the City failed to make a prima facie showing of its entitlement to judgment as a matter of law, that branch of its motion was properly denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"Labor Law § 200 is a codification of the common-law duty of property owners and general contractors to provide workers with a safe place to work" (Chowdhury v Rodriguez, 57 AD3d 121, 127). "Where, as here, the plaintiff's injuries arise from the manner in which the work is performed, to be held liable under Labor Law § 200, 'a defendant must have the authority to exercise supervision and control over the work'" (Navarra v Hannon, 197 AD3d 474, 476, quoting Torres v City of New York, 127 AD3d 1163, 1165). Evidence of mere general supervisory authority to oversee the progress of the work, to inspect the work product, or to make aesthetic decisions is insufficient to impose liability under Labor Law § 200 (see Ortega v Puccia, 57 AD3d 54, 62). Here, the City established, prima facie, that it did not exercise any supervision or control over the method or manner in which the plaintiff's work was performed (see Southerton v City of New York, 203 AD3d 977, 980; Ortega v Puccia, 57 AD3d at 62-63). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the City's motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it.
DUFFY, J.P., MALTESE, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court