Jin Kil Kim v Franklin BH, LLC (2023 NY Slip Op 01501)

Jin Kil Kim v Franklin BH, LLC

2023 NY Slip Op 01501

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2019-13372
 (Index No. 706861/16)

[*1]Jin Kil Kim, respondent, 
v
Franklin BH, LLC, et al., appellants, et al., defendant.

Nicoletti Spinner Ryan Gulino Pinter LLP, New York, NY (Matthew G. Corcoran of counsel), for appellants.
Paul H. Schietroma, P.C., Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Franklin BH, LLC, and 100 Broad Street, LLC, doing business as Essen, appeal from an order of the Supreme Court, Queens County (Maureen A. Healy, J.), entered September 25, 2019. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 2, 2015, the plaintiff, while acting in the course of his employment for nonparty World Hub Construction, Inc. (hereinafter WHC), allegedly was injured when he was struck by a falling bag of tile cement mix at a construction site. The accident allegedly occurred during a renovation project in a portion of a building owned by the defendant Franklin BH, LLC (hereinafter Franklin), and leased to the defendant 100 Broad Street, LLC, doing business as Essen (hereinafter Essen). Essen hired WHC to renovate and build out the entire first floor and basement of the building.
The plaintiff testified at his deposition that on the day of the accident, there was an opening in the ground of the first floor through which 50-pound bags of tile cement mix were being lowered to the basement. According to the plaintiff, the bags were being handed, one-by-one, from a WHC employee on the first floor to another WHC employee on the first floor, who in turn handed the bags down through the opening to a third WHC employee in the basement. That third WHC employee was standing on top of a five-gallon compound bucket, and he handed the bags to the plaintiff, who was standing on the basement floor. The plaintiff initially testified that the WHC employee who was standing on the bucket failed to properly receive a bag from the WHC employee on the first floor, causing the bag to fall from the first floor through the opening and strike the plaintiff's left knee. The plaintiff also testified, however, that he saw the WHC employee who was standing on the bucket holding the subject bag before it fell on the plaintiff. Kibok Choi, WHC's project manager, averred in an affidavit that the plaintiff recounted having accidentally dropped the bag on his own knee.
The plaintiff commenced this action to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240(1). Franklin and Essen (hereinafter together the defendants) moved, among other things, for summary judgment dismissing the Labor Law § 240(1) [*2]cause of action insofar as asserted against them. In an order entered September 25, 2019, the Supreme Court, inter alia, denied that branch of the defendants' motion. The defendants appeal.
"Labor Law § 240(1) imposes absolute liability on owners, contractors, and their agents when their 'failure to provide proper protection to workers employed on a construction site proximately causes injury to a worker'" (Doto v Astoria Energy II, LLC, 129 AD3d 660, 661, quoting Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 7 [internal quotation marks omitted]). "Whether a plaintiff is entitled to recovery under Labor Law § 240(1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies" (Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 7; see Toalongo v Almarwa Ctr., Inc., 202 AD3d 1128, 1130). "The decisive question in determining liability pursuant to Labor Law § 240(1) 'is whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential'" (Toalongo v Almarwa Ctr., Inc., 202 AD3d at 1130, quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603; see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d at 10).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240(1) cause of action insofar as asserted against them. The defendants' submissions in support of their motion, which included the plaintiff's deposition testimony and the affidavit of WHC's project manager, failed to eliminate triable issues of fact, inter alia, as to how the alleged accident occurred and whether the plaintiff's injuries resulted from the type of hazard contemplated by Labor Law § 240(1) (see Lima v HY 38 Owner, LLC, 208 AD3d 1181; Toalongo v Almarwa Ctr., Inc., 202 AD3d at 1130; Carlton v City of New York, 161 AD3d 930, 932-933). Since the defendants failed to meet their prima facie burden, that branch of their motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against them was properly denied, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court