Caracciolo v SHS Ralph, LLC (2024 NY Slip Op 02035)

Caracciolo v SHS Ralph, LLC

2024 NY Slip Op 02035

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2019-08578
 (Index No. 512132/16)

[*1]Richard Caracciolo, respondent, 
v
SHS Ralph, LLC, et al., defendants, Wilcox Development Corp., appellant (and a third-party action).

Gartner + Bloom, P.C., New York, NY (Narriman Subrati and Susan Mahon of counsel), for appellant.
Schwartzapfel Lawyers, P.C. (Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for respondent.
Babchik & Young, LLP (Melissa C. Cartaya and Kaufman Dolowich Voluck, LLP, White Plains, NY [Jorja Carr], of counsel), for third-party defendant Thyssenkrupp Elevator Corporation.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Wilcox Development Corp. appeals from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated June 11, 2019. The order, insofar as appealed from, denied those branches of the motion of the defendant Wilcox Development Corp. which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) and common-law negligence insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured during a construction project that was taking place on premises owned by SHS Ralph, LLC (hereinafter SHS Ralph). Wilcox Development Corp. (hereinafter Wilcox) was acting as the general contractor on the project. The plaintiff was performing work related to the installation of elevators on the premises. He allegedly fell one story to the ground after stepping off an elevator platform and onto the mezzanine level immediately outside the elevator shaft, where the floor had yet to be constructed. The plaintiff commenced this action to recover damages for personal injuries against SHS Ralph, Wilcox, and another defendant. Wilcox moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated June 11, 2019, the Supreme Court, among other things, denied those branches of Wilcox's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 240(1) and common-law negligence insofar as asserted against it. Wilcox appeals.
Labor Law § 240(1) "imposes on owners or general contractors and their agents a nondelegable duty, and absolute liability for injuries proximately caused by the failure to provide appropriate safety devices to workers who are subject to elevation-related risks" (Saint v Syracuse [*2]Supply Co., 25 NY3d 117, 124). "To succeed on a cause of action under Labor Law § 240(1), a plaintiff must establish that the defendant violated its duty and that the violation proximately caused the plaintiff's injuries" (Roblero v Bais Ruchel High Sch., Inc., 175 AD3d 1446, 1447). Where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240(1) (see Robinson v East Med. Ctr., LP, 6 NY3d 550, 553-555; Castano v Algonquin Gas Transmission, LLC, 213 AD3d 905, 907).
In this case, Wilcox failed to establish, prima facie, its entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it. The evidence Wilcox submitted in support of its motion, which included the transcript of the plaintiff's deposition testimony, did not eliminate all triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Wilcox's expert rendered an opinion, inter alia, that Occupational Safety and Health Administration standards and the Elevator Industry Field Employees' Safety Handbook call for the presence of guardrails at elevator hoistways after rough or finished floors are in place, which would protect workers from falling into an unguarded elevator shaft. The plaintiff testified at his deposition that in his 37 years of experience as an elevator mechanic, he had never been at a worksite where elevators were installed before the adjoining floors, and that he fell after leaving from the elevator platform to install an electric box. Labor Law § 240(1) is a self-executing statute that contains its own specific safety measures, the violation of which provides an independent legal basis for liability regardless of whether there was compliance with federal regulations or general industry standards (see Cruz v Cablevision Sys. Corp., 120 AD3d 744, 746-747; see also Long v Forest-Fehlhaber, 55 NY2d 154, 160). Under the peculiar circumstances of this case, where there was no floor adjacent to the elevator when the plaintiff alighted from the elevator shaft, triable issues of fact existed regarding, among other things, whether the absence of an adequate safety device was a proximate cause of the incident and whether the plaintiff's actions constituted the sole proximate cause of his injuries (see Jarnutowski v City of Long Beach, 210 AD3d 881, 882-883). Accordingly, the Supreme Court properly denied that branch of Wilcox's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Likewise, Wilcox failed to establish, prima facie, its entitlement to judgment as a matter of law dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. Wilcox's submissions in support of its motion did not eliminate all triable issues of fact regarding, among other things, whether Wilcox had actual or constructive notice of a dangerous premises condition (see Chuqui v Amna, LLC, 203 AD3d 1018, 1022). Accordingly, the Supreme Court properly denied that branch of Wilcox's motion which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The plaintiff's remaining contention is without merit.
Accordingly, we affirm the order insofar as appealed from.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court